BRIAN J. STRETCH (CABN 163973)
United States Attorney

BARBARA J. VALLIERE (DCBN 439353)
Chief, Criminal Division

KAREN KREUZKAMP (CABN 246151)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7014
    FAX: (415) 436-7234
    Email: Karen.Kreuzkamp@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. CR 17-0356 EMC |
| Plaintiff, | STIPULATION AND [~~PROPOSED~~] PROTECTIVE ORDER REGARDING PRODUCTION OF "PROTECTED MATERIALS" |
| v. | |
| VICENTE CRUZ and ETEVATI LEVI, | |
| Defendants. | |

## STIPULATION

The government and defendant Vicente Cruz ("the defendant") hereby stipulate as follows:

The defendant is charged in a four-count Indictment, charging violations of 21 U.S.C. §§ 841 and 846 (manufacture, distribution and possession with intent to distribute controlled substances, and conspiracy to do the same) and 18 U.S.C. § 922(g)(1) (felon in possession of a firearm). Pursuant to defendant's request, the government has made an initial production of discovery to defendant in this case. The government intends to produce additional discovery containing identification information of undercover agents (UC) and/or confidential informants (CI). The government believes there is a credible basis to believe that one or more of its witnesses, specifically a UC or CI, in this case may be endangered if their identities are revealed. The defendant does not concede that the government's

PROTECTIVE ORDER
CR 17-0356 EMC

1

arguments are correct, but agrees that, if correct, they state a basis to believe that there are significant witness danger issues.

Pursuant to this Protective Order, the government will produce to defense counsel in this case audio and video recordings pertaining to the charges in the Indictment. The audio and video recordings include materials that the government deems to be sensitive, based on witness safety concerns.

Material produced according to this Protective Order will be labeled as "PROTECTED MATERIALS," and will include (1) audio recordings between the defendant and UC and CI and (2) video recording between the defendant and UC and CI. This Protective Order does not apply to discovery that is not marked PROTECTED MATERIALS. Any discovery with the designation PROTECTED MATERIALS is, however, subject to this Protective Order with the following restrictions:

1. Except when actively being examined for the purpose of the preparation of the defense of the defendant, all PROTECTED MATERIALS shall be stored and maintained in a locked or otherwise secure location or device (if stored electronically), meaning, a location or device which is accessible only to Covered Individuals as defined in paragraph 2 below. Defense counsel and other Covered Individuals as defined in paragraph 2 below shall not permit any person access of any kind to the PROTECTED MATERIALS, except as set forth below:

2. The following individuals ("Covered Individuals") only may examine the PROTECTED MATERIALS:

    a. Defendant's counsel of record;

    b. Members of defense counsel's law office who are assisting with the preparation of defendant's defense, but not including any person with a prior relationship to any defendant that falls outside the scope of legal representation (e.g., a familial or social relationship);

    c. "Contracted Individuals," whom the defense engages to assist in this matter, including paralegals, attorneys, discovery coordinators, investigators and/or experts. The parties agree that "Contracted Individuals" shall be limited to professionals contracted to assist defense counsel in the defense of this matter,

PROTECTIVE ORDER    2
CR 17-0356 EMC

and shall not include any individual with a prior relationship that falls outside the scope of legal representation (e.g., a familial or social relationship); and

    d.     The defendant, but only in the presence of defense counsel or another authorized person listed in this paragraph.

3. The Covered Individuals may examine the PROTECTED MATERIALS for the purpose of preparing a defense of defendant, and for no other purpose. The Covered Individuals may not discuss the contents of the PROTECTED MATERIALS with any person not listed in Paragraph 2, including the defendant, except as provided in Paragraph 2(d). Counsel for the defendant may make two physical or electronic copies of any materials designated as PROTECTED MATERIALS. Counsel may make a copy of the PROTECTED MATERIALS for each expert retained to assist in the preparation of the defense or to testify at trial.

4. Under no circumstance may any defendant take any PROTECTED MATERIALS, or any copies or images of PROTECTED MATERIALS, outside the presence of defense counsel.

5. If defense counsel determines that a person not covered by this Protective Order is needed to review the PROTECTED MATERIALS, he or she must obtain a further order of the Court before allowing any other individual to review the materials. Such a request to the Court will only occur after conferring with the government, unless the defense makes an ex parte showing under the limited circumstances specified below. In the event the parties agree that access should be allowed for persons not covered by this Protective Order, that agreement shall be documented in writing with no need for further involvement of the Court. If the parties cannot agree, defense counsel will make its motion to the Court on sufficient notice to the government so that it may assert its objection. Such a request to the Court will only occur after conferring with the government. The defense reserves the right to seek this relief ex parte but only based on a showing to the Court of necessity – which shall include a showing that this uncovered person's access to the PROTECTED MATERIALS is material to the defense – to make such a request ex parte and reserves the right to withdraw that request should the Court not allow the defense to proceed ex parte. Once such agreement with the government is reached, or once such further order of the Court is obtained, such individual will be deemed a "Covered Individual" under this paragraph 2 and thus subject to the restrictions set forth in this Protective Order.

6. A copy of this Protective Order shall be maintained with the PROTECTED MATERIALS at all times.

7. The defendant shall not make or keep copies or images of any PROTECTED MATERIALS. The defendant shall not divulge to any person who is not a Covered Individual any personal identifying information disclosed in PROTECTED MATERIALS.

8. All individuals other than defense counsel and defendant who receive access to the PROTECTED MATERIALS, <u>prior to receiving access to the materials,</u> shall sign a copy of this Protective Order acknowledging that:

    a. They have reviewed the Order;

    b. They understand its contents;

    c. They agree that they will only access the PROTECTED MATERIALS for the purposes of preparing a defense for defendant; and,

    d. They understand that failure to abide by this Protective Order may be considered contempt of Court, punishable accordingly.

These signed copies shall be maintained by counsel for the defense and shall be made available upon request under seal to the Court.

9. Except as provided explicitly in paragraph 2 above, PROTECTED MATERIALS may not be shown, played (in the case of an audio and video recording), or otherwise divulged to any individual who is not a Covered Individual.

10. If the PROTECTED MATERIALS are attached to any pleadings or other court submissions, the PROTECTED MATERIALS and any pleadings or submissions referencing those materials shall be filed or lodged under seal.[1]

11. The defense team shall return the PROTECTED MATERIALS (and any duplicate copies of the same) to the government fourteen calendar days after any one of the following events, whichever is latest in time, occurs: dismissal of all charges against defendant; defendant's acquittal by court or jury; the expiration of time to appeal a judgment; or, the conclusion of any direct appeal.

---

[1] This Order authorizes such filings under seal and the parties are not required to seek additional authorization from the Court to do so.

12.     After the conclusion of proceedings in the district court or any direct appeal in the above-captioned case, the government will maintain a copy of the PROTECTED MATERIALS. The United States will maintain the PROTECTED MATERIALS until the time period for filing a motion pursuant to 28 U.S.C. § 2255 has expired. After the statutory time period for filing such a motion has expired, the government may destroy the PROTECTED MATERIALS. In the event defendant is represented by counsel and files a motion pursuant to 28 U.S.C. § 2255, the government will provide that counsel with a copy of the PROTECTED MATERIALS under the same restrictions as trial and direct appeal defense counsel. Defendant's attorney in any action under 28 U.S.C. § 2255 shall return the same materials fourteen calendar days after the district court's ruling on the motion or fourteen calendar days after the conclusion of any direct appeal of the district court's denial of the motion, whichever is later.

IT IS SO STIPULATED.

DATED: 8/17/2017

Respectfully submitted,
BRIAN J. STRETCH
United States Attorney

KAREN KREUZKAMP
Assistant United States Attorney

Ruben T. Munoz
Attorney for Vicente Cruz

## PROTECTIVE ORDER

For the reasons stated above, the Court finds good cause to restrict the disclosure of some of the materials produced in discovery in this case. Therefore, the Court orders that the materials described above may be produced subject to the restrictions set forth above.

IT IS SO ORDERED.

Dated: 8/22/17



HON. EDWARD M. CHEN
United States District Judge

PROTECTIVE ORDER
CR 17-0356 EMC

5